IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ALBERT CURTIS MILLS,            *

   v.                          *   CIVIL ACTION NO. DKC-03-3075

J. MOSS, *et al*                *
                               ******

### **MEMORANDUM**

Now before the court is a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment filed on behalf of Defendant Conroy.[1]  Paper No. 11.  The motion will be treated as a contested motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.  *See* Paper Nos. 22 and 23.  No hearing is needed to resolve the pending motion pursuant to Local Rule 105.6 (D. Md. 2004).

It is established that a motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The moving party bears the burden of showing that there is no genuine issue as to any material fact.  No genuine issue of material fact exists, however, if the nonmoving party fails to make a sufficient showing on an essential element of his or her case as to which he or she would have the burden of proof. *See Celotex*, 477 U.S. at 322-323.  Therefore, in the instant case, it is Plaintiff's responsibility to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial.  This he has done,

---

[1] Given that the Litigation Coordinator for the Maryland House of Correction has failed to respond to this court's order regarding service of process, Counsel for Defendant Conroy shall be required to provide, under seal, the last known home address for each of the unserved Defendants.

by bolstering the allegations in his complaint concerning the denial of his medically-ordered special diet for an entire year and further specifying efforts he made to have the named Defendants, including Warden Conroy, see that he was provided the medically authorized special diet. Paper Nos. 22 and 23.  Defendant has focused his Motion on one complaint filed by Plaintiff concerning the denial of a single meal on February 20, 2001 (which was the subject of an Inmate Grievance Office hearing before an Administrative Law Judge), while wholly failing to address Plaintiff's claim that he was denied the special diet for an entire year. Paper No. 11.  Plaintiff, meanwhile, has provided exhibits which demonstrate that at a minimum he did not receive his medically-ordered diet from October 27, 2000, until December 12, 2000.  Paper No. 22, Ex. 1A.

Defendant maintains that Plaintiff sustained no injury,  "Plaintiff's medical records for January, 2000 to December, 2001 are few, consisting of 6 records". (Paper No. 11) Plaintiff disputes this fact, stating that he was in excruciating pain and debilitated due to swelling in his feet, which the prescribed medical diet was designed to alleviate.  Paper No. 22 and 23.

Defendant Conroy is not entitled to dismissal based on the doctrine of respondent superior. Plaintiff has provided evidence that he repeatedly filed administrative remedies to the Warden concerning the denial of his medical diet and that the Warden did not take prompt action to see that Plaintiff's medical diet was instituted. Paper No. 22 and 23.  Clearly, the involvement of Defendant Conroy in processing Plaintiff's requests for administrative remedy and investigating the status of Plaintiff's medical diet are material facts in dispute and summary judgment is therefore inappropriate.

Because the Eighth Amendment issue in this case cannot be answered based upon the

parties' current submissions to the court, summary judgment cannot be granted at this time. Defendant shall answer the Complaint  A separate order follows.



  8/4/2006                                                     /s/
Date                                          DEBORAH K. CHASANOW
                                              United States District Judge